UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD RAPEAN,

    Plaintiffs,

v.                        Case No. 8:09-cv-2632-T-33MAP

R.E. CRAWFORD CONSTRUCTION, LLC,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court pursuant to Plaintiff's Motion for Enlargement of Time to Extend Settlement Conference Deadline and Deadline to File Case Management Report (Doc. # 13) and Plaintiff's Motion to Conduct the Settlement Conference Telephonically (Doc. # 14), both filed on April 21, 2010.

Upon due consideration, the Court determines that it is appropriate to grant the motion for an extension of time in which to conduct the settlement conference and file the Case Management Report. However, the Court denies the motion to conduct the settlement conference telephonically.

This Court's FLSA Scheduling Order directs an in-person settlement conference. (Doc. # 5 at 2). Plaintiff asserts that good cause exists to excuse his presence at the settlement conference "in light of the press of other

litigation matters, [and] Plaintiff's counsel's office is in Broward County, Florida and Defendant's counsel's office is located in Hillsborough County, Florida." (Doc. # 14 at 1). In essence, Plaintiff asserts that compliance with the Court's Order would be inconvenient in this case. The reasons outlined by Plaintiff are insufficient to justify a telephonic settlement conference.

Parties have been required to attend settlement conferences in person under harsher circumstances. See Pecoraro v. State Farm Fire and Cas. Co., Civil Action No. 1:07cv777-LTS-RHW, 2008 WL 3842912, *1 (S.D. Miss. Aug. 13, 2008) ("This Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited.").

This Court requires personal attendance at settlement conferences because this Court strongly believes that settlement conferences are most effective when attended personally, rather than telephonically.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Enlargement of Time to Extend Settlement Conference Deadline and Deadline to File Case Management Report (Doc. # 13) is **GRANTED**.

(2) The parties have until and including May 5, 2010, to conduct the settlement conference and until and including May 17, 2010, to file the Case Management Report or report regarding settlement.

(3) Plaintiff's Motion to Conduct the Settlement Conference Telephonically (Doc. # 14) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of April 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record